WILKERSON *v.* STATE.

In Banc. June 12, 1950.

No. 37762 (46 So. (2d) 807)

No briefs filed either for appellant or for appellee.

**McGehee, C. J.**

This is a companion case to that of Shaffer v. State, Miss., 46 So. (2d) 545. The testimony is substantially the same in all material particulars in regard to how the

homicide occurred at the time Hardy Simmons was shot and killed, following an argument between him and the defendants, Shaffer and Wilkerson. They were jointly indicted, but on the separate trial of the appellant Wilkerson, the prosecution did not offer a confession in evidence, as was done in the Shaffer case, and hence there is absent from this record the voluminous testimony in regard to whether or not the defendant made a confession of his participation in the shooting, and as to whether the same was made freely and voluntarily.

No assignment of error or brief has been filed in support of the appeal in this case, but the appellant having been convicted of murder and sentenced to death we have carefully examined the entire record in the case so as to ascertain whether or not the accused had a fair and impartial trial. We find no error in the admission or exclusion of testimony, nor in the giving or refusal of instructions, or otherwise upon the trial of this case.

The proof is ample and overwhelming to show that the defendant drove several miles and got Shaffer's pistol, and then returned to the scene of the trouble, where the same was turned over to Shaffer, and then left the scene again to get his own pistol, and that upon his return they both went back into the place of business where Hardy Simmons was at work, started an argument with him and fired two or more shots each, one of which proved fatal. Simmons was shot in the back while he was running from the appellant and Shaffer after they displayed their pistols and began shooting. The state's case was established by eyewitnesses and the defendant admitted having taken part in the shooting, even though the fatal shot may have been fired by his said companion. It is not claimed that Simmons was armed, and there is no satisfactory proof that he was doing anything except running to save his life at the time he was shot and killed.

It appears that the defendant had been put out of the place of business by Simmons earlier in the night on

account of his being intoxicated, and that this occurred before he left the scene to get the pistols for himself and his companion.

The judgment of conviction and the sentence of death imposed by the trial court will therefore be affirmed, and Friday, July 14, 1950, is hereby set for the date of the execution of the death sentence.

Affirmed.